# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**June 6, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: B.F.

No. 16-0076 (Mercer County 15-JA-36)

## MEMORANDUM DECISION

Petitioner Mother R.T., by counsel Elizabeth A. French, appeals the Circuit Court of Mercer County's December 17, 2015, order terminating her parental rights to two-year-old B.F.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Christopher S. Dodrill, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Catherine Bond Wallace, filed a response on behalf of the child supporting the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights and denying her request for a post-adjudicatory improvement period.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2015, the DHHR filed an abuse and neglect petition alleging that petitioner abused the child by fabricating a sexual abuse allegation against the child's father. The DHHR further alleged that petitioner posed an imminent danger to the child because she was mentally and emotionally unstable and her mental illness prevented her from caring for the child. In April of 2015, the circuit court held a status hearing and ordered petitioner to undergo a psychological evaluation.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

1

In May of 2015, the circuit court held an adjudicatory hearing wherein petitioner failed to appear but was represented by counsel. Counsel advised the circuit court that petitioner "appears to present some mental health issues" and that she declined to communicate with her counsel. Based on the representations of counsel, the circuit court continued the adjudicatory hearing until June of 2015.

In June of 2015, the circuit court held an adjudicatory hearing and heard testimony from the DHHR worker that investigated the sexual abuse allegations against B.F.'s father. The worker testified that he received three referrals from petitioner, all alleging that the father anally raped the child. He also testified that petitioner later recanted the allegations and told the worker that she "needed somebody to listen to her." No physical evidence substantiated the allegations. Petitioner testified that she had been previously treated for mental health issues but she rejected her diagnosis based on her own research and diagnosis of symptoms. She also denied falsely accusing the father of sexual abuse. At the conclusion of the hearing, the circuit court recognized petitioner's poor mental health and found that petitioner abused and neglected the child due to her untreated mental health issues. Following the adjudicatory hearing, petitioner filed a motion for a post-adjudicatory improvement period. Thereafter, the DHHR filed a motion to terminate petitioner's parental rights. The circuit court ordered the parties to gather more information regarding petitioner's psychological history, directed that she undergo a psychological evaluation, and delayed ruling on petitioner's motion.

In October of 2015, the circuit court held a hearing on petitioner's motion for an improvement period wherein her psychological evaluation was presented. The report indicated that petitioner was diagnosed with multiple mental health disorders and her prognosis to effectively parent the child was extremely poor. The circuit court found that the accusations of sexual abuse against the father were never substantiated and petitioner "needs a serious mental health intervention." The circuit court again found that petitioner abused and neglected the child due to her mental health issues and denied her motion for an improvement period.

In December of 2015, the circuit court held a dispositional hearing wherein a psychologist testified regarding petitioner's forensic examination. The psychologist testified that she diagnosed petitioner with "child physical, sexual, and psychological abuse;" borderline personality disorder; and an unspecified anxiety disorder. The psychologist testified that petitioner was observed by a witness touching the child's penis and telling him that it was his father touching his penis. During the evaluation, petitioner described her relationship with the child as "intimate." The psychologist testified that petitioner denied any problems with her parenting or with mental health disorders, lacked insight into the seriousness of her mental health diagnosis, and refused treatment. She also testified that petitioner's prognosis for improvement in the care of the child was poor and she "would have significant reservations about putting any child in [petitioner's] care." Other witnesses, including a West Virginia State Trooper and a DHHR worker, testified that petitioner displayed erratic and unstable behavior, admitted to drug use, and physically and verbally abused the child. Following the presentation of the evidence, the circuit court again denied petitioner's request for a post-adjudicatory improvement period and terminated her parental rights to the child by order dated December 17, 2015. The circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be

substantially corrected in the near future and that termination was in B.F.'s best interests. It is from this order that petitioner now appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period. We have previously held that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements[.]" Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996). We find that the circuit court did not abuse its discretion in denying petitioner's motion for a post-adjudicatory improvement period. Petitioner argues that she admitted to some of the allegations in the petition and presented evidence of her ability to participate in an improvement period by independently seeking counseling. Regarding the grant of a post-adjudicatory improvement period, and pursuant to West Virginia Code § 49-4-610(2)(B), petitioner must demonstrate, "by clear and convincing evidence, that [she] is likely to fully participate in the improvement period." Here, it is clear from the record that petitioner failed to carry her burden under the statute. Throughout the proceedings, petitioner exhibited erratic behavior, was unwilling to participate in treatment, failed to appear for over half of her supervised visits with B.F., verbally abused B.F., and admitted to drug and alcohol abuse. Petitioner continued to reject her mental health illnesses based on her own research and diagnosis of symptoms. Further, the circuit court found that petitioner's ability to parent the child would not improve until she acknowledged the "need for change and treatment." However, petitioner ignored the nature of her mental health illnesses and offered no evidence to refute the psychologist's testimony that treating her particular mental illnesses would be very difficult. Thus, we find that the circuit court correctly denied petitioner's request for a post-adjudicatory improvement period.

Next, petitioner argues that the circuit court erred in terminating her parental rights because she independently sought mental health treatment. Pursuant to West Virginia Code § 49-4-604(c)(3), a situation in which there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected includes one in which

[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child[.]

In addition to her refusal to acknowledge or treat her mental illnesses, the record is devoid of any evidence that petitioner independently sought mental health treatment. There are, however, numerous examples in the record that demonstrates petitioner's inability to participate in a family case plan or obtain mental health treatment. The circuit court specifically found that petitioner had "gotten worse over time" despite the DHHR's rehabilitative efforts. As such, the circuit court was presented with sufficient evidence to find that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future. West Virginia Code § 49-4-604(a)(6) expressly provides that the circuit courts are directed to terminate parental rights upon this finding when necessary for the child's welfare. Moreover, we have previously held that "'courts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened . . . .'" Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980)." Syl. Pt. 4, in part, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). As noted above, the circuit court had serious concerns about petitioner's ability to care for the child as supported by the evidence. Given the circumstances presented in this case, we find no error in the circuit court's order terminating petitioner's parental rights to the child.

For the foregoing reasons, we find no error in the decision of the circuit court, and its December 17, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: June 6, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II